**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| CHELSEA ANGELLE, et al | CIVIL ACTION |
| VERSUS | 16-539-SDD-RLB |
| MICHAEL J. MATTHEWS, et al | |

### RULING

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] by Defendants, Michael J. Matthews ("Matthews"), Vernon Milling Company, Inc., and Cherokee Insurance Company (collectively "Defendants"). Plaintiff, Chelsea Angelle ("Angelle or Plaintiff"), on behalf of her minor child Reece Blanchard, individually, and on behalf of John Blanchard, has filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply*.[3] For the reasons which follow, the Court finds that the Defendants' *Motion* should be GRANTED.

**I. FACTUAL BACKGROUND**

Chelsea Angelle is the mother of Reece Blanchard. Angelle filed the instant suit on behalf of Reece in state court after the November 10, 2015 death of Reece's father, John Blanchard ("Blanchard").[4] Invoking the court's diversity jurisdiction, Defendant removed this action to federal court on August 11, 2016.[5] Prior to his death, Blanchard was involved in two motor vehicle accidents. The first accident, which is the subject of

---

[1] Rec. Doc. 16.
[2] Rec. Doc. 19.
[3] Rec. Doc. 22.
[4] Rec. Doc. 16-3.
[5] Rec. Doc. 1.
44852

this suit, occurred on July 9, 2015 and involved Blanchard and Defendant Matthews.[6] The second accident occurred on August 10, 2015.[7] Blanchard died three months after the second accident.[8] The *Petition for Damages, Survival Action and Wrongful Death* contains allegations that Blanchard died in his home as a result of injuries caused by the July 9th accident.[9] The death certificate lists the cause of death as aspiration of food while under the influence of multiple prescription drugs.[10]

Plaintiff filed identical lawsuits for each accident in the parish in which they occurred. The suit arising out of the first accident (the captioned matter) was filed in the 18th Judicial District Court on July 6, 2016. The suit arising out of the second accident was filed in the 19th Judicial District Court on August 11, 2016. Each suit alleges Louisiana state law causes of action for wrongful death and survival action. The *Petition* states in pertinent part:

> 9.
>
> Plaintiff, CHELSEA ANGELLE, on behalf of her minor child REECE BLANCHARD, believes that REECE BLANCHARD'S father died as a result of the July 9, 2015 accident. Should it be proven, Plaintiff is entitled to damages for his wrongful death…
>
> 14.
>
> As a result of this accident, decedent John Blanchard, suffered severe injuries to various parts of his body, including but not limited to his spine and other unknown and grievous injuries to the body, which ultimately resulted in his death.[11]

---

[6] Rec. Doc. 1-4.
[7] Rec. Doc. 16-5.
[8] Rec. Doc. 16-3.
[9] Rec. Doc. 1-4, p. 3.
[10] Rec. Doc. 16-3.
[11] See Rec. Doc. 1-4 Compared to Rec. Doc. 16-5.
44852

The July 9th accident is the only accident before the Court. Defendants file the instant *Motion* seeking dismissal of Plaintiff's wrongful death claim. Defendants argue that Plaintiff's claim must be dismissed because there is an absence of evidentiary support for an essential element of her claim for which she will bear the burden at trial. Specifically, Defendants argue that the record is void of any evidence in the form of expert medical testimony required to demonstrate medical causation.[12] Plaintiff contests this position and argues that the autopsy report prepared by Dr. Michael Cramer constitutes appropriate summary judgment evidence demonstrating a material issue of fact as to medical causation.[13]

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[15] A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[16] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence

---

[12] Rec. Doc. 16-2, pp. 13-14.
[13] Rec. Doc. 19-1, p. 3.
[14] Fed. R. Civ. P. 56(a).
[15] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[16] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, (1986)).
44852

of a genuine issue concerning every essential component of its case.'"[17] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[18]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[19] All reasonable factual inferences are drawn in favor of the nonmoving party.[20] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[21] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[22]

As is the case here, "[w]here the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case. The nonmovant must then come forward with specific facts showing that there is a genuine [dispute] for trial."[23]

---

[17] *Rivera v. Houston Indep. School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[18] *Willis v. Roche Biomedical Labs, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[19] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[20] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[21] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).
[22] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[23] *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310-11 (5th Cir. 2017)(citation and quotation marks omitted).

44852

### B. Evidence of Medical Causation

"Under Louisiana law, a plaintiff in a tort action must prove every essential element of his case, including medical causation, by a preponderance of the evidence."[24] "Furthermore, under Louisiana law, it is well-settled that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge."[25]

In this case, Defendants argue that the record is void of any evidence in the form of expert medical testimony in order to support the allegation that the July 9th automobile accident caused the death of Blanchard. Defendants aver that the deadlines for discovery have passed, and Plaintiff has provided no expert report, produced no expert medical testimony, or identified any expert to testify as to how the accident caused Blanchard's death.[26] Furthermore, Defendants argue in the event that Plaintiff may intend to offer or rely on the opinions of Blanchard's treating physicians[27] at trial, neither are qualified to give an expert opinion.[28]

In *Opposition*, Plaintiff argues that Dr. Michael Cramer's autopsy report, in conjunction with medical records from August 3, 2015, demonstrate a genuine issue of material fact as to medical causation.[29] Specifically, Plaintiff relies on the cause of death cited in the autopsy report as acute bronchopneumonia secondary to aspiration due to

---

[24] *James v. Lincoln Gen. Ins. Co.*, No. CIV.A. 09-0727, 2011 WL 3610800, at *4 (W.D. La. Aug. 15, 2011)(citing *Lasha v. OlinCorp.,* 625 So.2d 1002, 1005 (La. 1993)).
[25] *Id.* (citing Chavers v. Travis, 902 So.2d 389, 395 (La. App. 4th Cir. 2005)).
[26] Rec. Doc. 16-2, p. 7. The deadline to identify experts expired on June 16, 2017, and the deadline to file expert reports expired on July 14, 2017. Rec. Doc. 10.
[27] Dr. Kevin McCarthy an orthopedic surgeon and Rebecca Davis a certified nurse practitioner
[28] Rec. Doc. 16-2, pp. 7-8.
[29] Rec. Doc. 19-1.
44852

multiple drug intoxication.[30] Plaintiff lists the names and amounts of prescription and non-prescription substances that were found in the decedent on the date of his death as per the autopsy report.[31] Plaintiff recites the cause of death found in the autopsy report, define the terms bronchopneumonia and aspiration,[32] and concludes with emphasis that these conditions were *"due to multiple drug intoxication."*[33] Without citation to any supporting evidence, Plaintiff claims that the root cause of Blanchard's death is multiple drug intoxication. Plaintiff lists a myriad of prescription drugs that Blanchard was allegedly prescribed due to the accident.[34] Finally, Plaintiff maintains that, the multiple drug intoxication was due to Blanchard's medications, which were prescribed to manage his pain caused by the accident, and but for the multiple drug intoxication, Blanchard would not have aspirated and died.[35]

The Court finds that Plaintiff has failed to come forward with specific facts demonstrating a material issue of fact regarding the medical causation of Blanchard's death. As stated above, it is well-settled in Louisiana that expert medical testimony is required when the conclusion regarding medical causation is one that is not within common knowledge.[36] That Blanchard's cause of death is not within common knowledge is evidenced by Plaintiff's *Opposition* wherein Plaintiff attempts to define the medical terminology used in the autopsy report.

---

[30] Rec. Doc. 19-2, p.1.
[31] *Id.* at pp. 5-6.
[32] Plaintiff cites no authority or source for the definitions.
[33] Rec. Doc. 19-1, p. 5. (emphasis in original).
[34] Plaintiff cites to the nine pages of records provided by Rebecca A. Davis with the date of August 3, 2015 attached to their *Opposition* as Exhibit B. Rec. Doc. 19-3.
[35] Rec. Doc. 19-1, p. 6.
[36] See *Lasha v. Olin Corp.*, 625 So. 2d 1002, 1005 (La. 1993); *Chavers v. Travis*, 902 So.2d 389, 395 (La. App. 4 Cir. 2005); *Robinette v. Lafon Nursing Facility of the Holy Family*, 223 So. 3d 68, 82 (La. App. 4 Cir. 2017).
44852

Plaintiff has failed to present the Court with any expert medical testimony whatsoever. Indeed, the only attachments to Plaintiff's *Opposition* were the autopsy report of Dr. Michael Cramer and a small excerpt of Blanchard's medical records which appear to be from a single date *after* the accident at issue.[37] Plaintiff presents no testimony that would explain the autopsy report or Blanchard's medical records. As Defendants state in their *Reply,* the Court is left with questions of "why Mr. Blanchard had prescription drugs in his system at the time of his death, in what dose was he taking said drugs, whether or not Mr. Blanchard took the drugs correctly, how the drugs might have interacted, and why, if Mr. Blanchard took his drugs as prescribed, it led to his death."[38] Moreover, Plaintiff's present no evidence to support that the drugs Blanchard took on the date of his death were those prescribed as a result of the injuries caused by the July 9th accident. Simply put, Plaintiff has not presented sufficient summary judgment evidence to link the alleged negligent acts of the Defendant to Blanchard's death.

The Court is further persuaded by the case of *James v. Lincoln General Insurance Co.*,[39] cited by Defendants. In *James,* the plaintiffs filed a lawsuit arising out of an automobile accident.[40] Two years after the incident occurred, the victim of the accident passed away and the plaintiffs amended their lawsuit to include a wrongful death action.[41] The defendants moved for partial summary judgment of the wrongful death claim, arguing the plaintiffs could not establish medical causation due to the absence of expert medical

---

[37] The Court notes that the medical record presented by Plaintiff does not purport to be in connection with the accident at all and merely present a medication list that spans 4 pages without any explanation as to why Blanchard was taking these medications.
[38] Rec. Doc. 22, pp. 1-2.
[39] No. CIV.A. 09-0727, 2011 WL 3610800 (W.D. La. Aug. 15, 2011).
[40] *Id.* at *1.
[41] *Id.*
44852

testimony.[42] The plaintiffs argued that the "only evidence or knowledge that is available regarding the cause of death… are the medical records prepared by his treating physician, and the testimony of Dr. Louis Blanda, which will be provided at trial along with the autopsy report and death certificate cited herein."[43]

The *James* court further stated that, "[t]he plaintiffs have not supplied this Court with the specific testimony of Dr. Blanda that is at issue. However, defendants have provided … portions of Dr. Blanda's opinions that they believe the plaintiffs will attempt to introduce a[t] trial as evidence… of Mr. James's cause of death…"[44] After analyzing if Dr. Blanda's testimony would be admissible as expert testimony,[45] the court decided not to allow his testimony stating that, "Dr. Blanda's lack of qualification or experience in either pathology, toxicology, or pharmacology shows he cannot render a *reliable* opinion as to any suspected cause of death…"[46] Ultimately, the *James* court granted the motion for summary judgment regarding the wrongful death claim concluding that, "[plaintiffs] have come forward with no reports other than the letter from Dr. Blanda, as well as the certificate of death and the autopsy report…"[47]

Here, just as in *James*, Plaintiff has only come forth with the autopsy report of Dr. Michael Cramer and a small excerpt of Blanchard's medical records. Plaintiff presents no medical testimony to explain the autopsy report, the medical records, or to demonstrate that the autopsy findings or medical records demonstrate a genuine issue as to causation.

---

[42] *Id.* at *4.
[43] *Id.*
[44] *Id.*
[45] Dr. Blanda, an orthopedic surgeon, was the decedent's treating physician.
[46] *James*, 2011 WL 3610800 at *8.
[47] *Id.*
44852

As Plaintiff makes no argument that Blanchard's treating physicians will testify as to causation at trial, the Court does not reach Defendant's argument that those physicians would not be qualified. Accordingly, because the Plaintiff has failed to come forward with sufficient evidence to demonstrate a material issue of fact as to their wrongful death claim against Defendants, summary judgment on this claim is proper.

### III. CONCLUSION

For the reasons set forth above, Defendants' *Motion for Partial Summary Judgment*[48] is GRANTED. Plaintiff's claims alleging wrongful death against Defendants Michael J. Matthews, Vernon Milling Company, Inc., and Cherokee Insurance Company are DISMISSED with prejudice. All other claims remain before the Court.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on March 29, 2018.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. 16.